E. L. EMERSON, *Petitioner*, vs. FRANK W. HUGHSON and
GEORGE M. OKELL, *Defendants in Certiorari.*

141 So. 877.

Division A.

Opinion filed May 25, 1932.

*C. C. Youmans*, for Petitioner;

*George M. Okell*, for Respondents.

BUFORD, C.J.—This case is before us on certiorari to review the judgment of the Circuit Court of the Eleventh Judicial Circuit in and for Dade County, Florida, affirming the judgment of the Civil Court of Record in and for Dade County, Florida, rendered in a suit on a promissory note wherein the petitioner in certiorari was plaintiff and Frank W. Hughson and George M. Okell were defendants.

The verdict in the Civil Court of Record was: "We, the jury, find for the defendant. So say we all." Signed "Allen Spires, Foreman."

The judgment upon the verdict was as follows:

"IT IS THEREUPON ORDERED AND ADJUDGED By the court that judgment be and is hereby rendered in favor of the defendants Frank W. Hughson and George M. Okell and against the plaintiff D. L. Emerson and that said plaintiff take nothing by his

said suit, and that the costs in this cause be taxed against the plaintiff.

"IT IS FURTHER ORDERED AND ADJUDGED By the Court that this judgment is entered without prejudice to the plaintiff to bring any other appropriate action in any appropriate court for the recovery of his said claim against said defendants.

"DONE AND ORDERED at Miami, Dade County, Florida, this the 14th day of July, 1931.

A. B. Small
Judge Civil Court of Record in
and for Dade County, Florida.''

The declaration was in conventional form declaring on a promissory note alleging that the plaintiff was the assignee in due course and was at the time the legal owner and holder of the note and was entitled to receive payment of the same.

There were amended pleas to the declaration in which the defendants pleaded failure of consideration and alleged that the plaintiff had, at the time of the assignment of the note to the plaintiff, direct and full knowledge of the infirmities pleaded. The pleas alleged sufficient facts to constitute a valid defense to the declaration. Sumter County State Bank vs. Hays, 68 Fla. 473, 67 Sou. 109. The plaintiff joined issue on the pleas. The trial resulted as above stated.

We do not approve of the inclusion in the judgment rendered by the Judge of the Civil Court of Record in the case of the paragraph reading as follows:

"IT IS FURTHER ORDERED AND ADJUDGED By the Court that this judgment is entered without prejudice to the plaintiff to bring any other appropriate action in any appropriate court for the recovery of his said claim against said defendants.''

But the petitioner here, who was the plaintiff in that court and the plaintiff in error in the Circuit Court, is not in position to complain of this provision in the judgment because such provision contains nothing adverse to

him. Whether or not it is a valid provision we do not here determine, but if it is valid it is in favor of the petitioner and if invalid it amounts to no more than surplusage.

On writ of error from the Circuit Court to the Civil Court of Record it developed that the transcript filed in the Circuit Court contained no authenticated bill of exceptions and, therefore, there appears to have been no violation of the essential requirements of law in the affirming of the judgment of the Civil Court of Record. It, therefore, follows that the writ of certiorari issued herein should be quashed and it is so ordered.

Certiorari quashed.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur in the opinion and judgment.