HORTON, Judge.
This cause is before the court on a petition for certiorari, by one of the claim■•ant’s several employers, who seeks review of an order of the Florida Industrial Commission. The Commission vacated and set aside an order of the Deputy Commissioner, which determined that the last .injurious exposure to white cement (which precipitated the injury) was while the *796 claimant was in the employ of the respondent, Manze Tile Company, and in addition that the claimant had suffered a 20% permanent partial disability as a result thereof. The Commission concluded that the findings of the Deputy Commissioner were not supported by competent substantial evidence and, accordingly, vacated the compensation order and remanded the cause for further hearing and for the entry of a compensation order.
The claimant is a tile setter’s helper with limited educational background, who, while following his chosen occupation, contracted a skin condition known as contact dermatitis, resulting from an exposure to white cement used in the course of his employment.
The claimant testified that he was last exposed to white cement while employed by Manze Tile Company; that he worked for Manze Tile Company as a tile setter’s helper for six or seven days during October, 1956, and that his hands were all right at the beginning but began to get worse during the fourth day, resulting in the claimant’s quitting the job on the sixth or seventh day. After his employment with Manze Tile Company, the claimant worked for petitioner, Crane Tile Company; that during all the time of his employment with Crane Tile Company, he wore rubber gloves, did not use white cement and discontinued this employment for lack of work. Emmett McIntosh, a tile setter employed by Crane Tile Company, substantiated claimant’s testimony that he wore rubber gloves at all times while in the employ of petitioner, Crane Tile Company. When interrogated by McIntosh as to the reasons for wearing rubber gloves, the claimant replied that he did so because he had contracted cement poisoning while employed by Manze Tile Company. Dr. Gir-ard, a specialist in dermatology, treated claimant for contact dermatitis and secondary infection. Upon inquiry as to his past history, claimant advised Dr. Girard that he had been exposed to white cement while employed by Manze Tile Company. Dr. Girard further testified that he patch tested claimant with white cement only and received a positive reaction. The doctor could only speculate that claimant might be allergic to other types of cement.
Representatives of Manze Tile Company testified that claimant worked only one day for them, although they could produce no records of any kind to support their statement. A representative was sure the one day claimant worked was in November, 1956, and definitely on a Wednesday. The tile setter with whom claimant worked while in Manze’s employ testified claimant worked two days and was fired on the third day and that the employment was in October rather than November, 1956. The tile setter further corroborated the fact that claimant, while in Manze’s employ, worked with white cement. Dr. Girard testified that the type of cement in which the claimant allegedly worked while employed by the petitioner, Crane Tile Company, contained the same or similar chemical components as white cement. This testimony, however, was preceded by the doctor’s explanation that although the distinction in chemical components among various cements may be slight, they could nevertheless mean the difference between a person contracting and not contracting dermatitis.
Other than the conclusion that the Deputy’s findings are not supported by competent substantial evidence, the Commission’s order does not reveal the basis or facts upon which the conclusion was founded. The testimony appears to be without dispute that claimant, while in petitioner’s employ, wore elbow-high rubber gloves to protect himself. The testimony is conflicting as to whether claimant worked in white cement while in Crane’s employ. However, assuming without deciding that claimant was exposed to white cement while in Crane’s employ, there is no testimony showing that such exposure, would be or was injurious to one wearing rubber gloves. The doctor testified that actual physical contact of the skin with *797 white cement was necessary for a reaction, and, assuming the cement did not get inside the gloves or, in a dry form, was blown upon the skin, the claimant would be able to work with white cement. Under these circumstances, to support a conclusion that the claimant was last injuriously exposed to white cement while in petitioner’s employ would be to accept-speculation and conjecture as fact, and upon that hypothesis to conclude that the exposure was injurious.
 We have reviewed the Commission’s order, the Deputy Commissioner’s order and the findings, as well as the testimony and evidence taken before the Deputy Commissioner, and are of the view that although the proof as to the identity of the employer in whose employ the claimant suffered his last injurious exposure is not so absolute as to preclude any other rea-, sonable conclusion; -nevertheless there is competent substantial evidence upon which the Deputy could have found as he did. It may be that this court sitting as the trier of the facts may have viewed the evidence in a different light and concluded adverse to that of the Deputy; nevertheless we are not warranted in disregarding the findings when there appears competent substantial evidence to support them. United States Casualty Co. v. Maryland Casualty Co., Fla.1951, 55 So.2d 741; Flagler Funeral Service, Inc., v. Schulz, Fla.App.1957, 97 So.2d 347.
We are reluctant to disturb an order of the Commission if a legal basis therefor appears in the record of the proceedings. However, our review here compels us to the conclusion that the Commission proceeded contrary to the essential requirements of the law and, in effect, substituted its judgment for that of the Deputy Commissioner.
The claimant is a respondent in this cause. Without filing a petition in his own behalf, he seeks a review of that portion of the Commission’s order which vacated and set aside the deputy’s order adjudicating a 20% permanent partial disability. In the absence of a petition for certiorari on behalf of the claimant, this court is without jurisdiction to review that portion of the order adverse to him. It is true that petitioner here has alleged the error of the Commission in vacating the disability award, but that portion of the award could not be considered adverse to the petitioner and therefore is not subject to our review. See Emerson v. Hughson, 105 Fla. 558, 141 So. 877. Cf. Federal Trade Commission v. Pacific States Paper Trade Association, 273 U.S. 52, 47 S.Ct. 255, 71 L.Ed. 534; Alexander v. Cosden Pipe Line Co., 290 U.S. 484, 54 S.Ct. 292, 78 L.Ed. 452.
The petition for certiorari is granted. Accordingly, that portion of the order of the Florida Industrial Commission vacating and setting aside the Deputy Commissioner’s order finding that claimant’s last injurious exposure was in the employ of Manze Tile Company is quashed and the Deputy’s order in that respect is reinstated.
CARROLL, CHAS., C. J., and PEARSON, J., concur.