HOBSON, Justice.
This is a Workmen’s Compensation proceeding in which the petitioner employee seeks review by writ of certiorari of 'an order by the full commission reversing the order of its deputy.
The injury which is the subject of this claim was sustained on July 25, 1958. Petitioner suffered an injury to his lower back while lifting a large piece of lumber during the course of his duties as a carpenter. After a short period of temporary total disability, he returned to full time carpentry work until February of 1959 when he started working part time and attending the University of Miami as a full time student. A subsequent injury to petitioner’s back occurred in April of 1959 but resulted in only a temporary aggravation of his back condition which is not a matter of concern here.
*607 Petitioner filed a claim for compensation for temporary partial disability for the period from February 1959 until December 1959 when the hearing on the claim was held. The deputy commissioner awarded compensation for the period in question and the respondents appealed to the full commission. The full commission reversed the award of the deputy on the grounds that “the evidence does not support an award of compensation for temporary partial disability beginning February 12, 1959, when claimant voluntarily reduced his employment from full time to part time in order to return to school.”
Under the familiar rule of United States Casualty Co. v. Maryland Casualty Co., Fla., 55 So.2d 741, the findings of the deputy commissioner must be affirmed if they are supported by competent, substantial evidence and if they are in accord with logic and reason. It is petitioner’s contention that the full commission violated this rule in reversing the order of its deputy.
In order to determine whether petitioner’s contentions are meritorious, it is necessary for us to allude briefly to the evidence which the deputy commissioner had before him.
The only witnesses who testified at the hearing were the petitioner himself and a Dr. Neal, a physician who had treated the petitioner. The petitioner testified that he had worked full time for some four months following the accident but that he had performed such full time work out of economic necessity and that he was in almost constant pain while so working. He stated that he finally quit and started attending school full time because he was unable to handle the heavy work which full time carpentry required. Dr. Neal testified as to the result of his examination of petitioner which occurred in September of 1959 and stated that if the claimant’s condition were the same in February as it was when he examined him in September, he would have advised the claimant not to continue his full time employment. The claimant thereafter testified that his condition had been basically unchanged between February and September.
In light of this testimony which the deputy apparently believed, and which he undoubtedly had the right to believe, we are compelled to conclude that the deputy’s findings of fact were supported by competent, substantial evidence. Moreover, we do not think it can be said that the deputy’s conclusion that the petitioner was temporarily partially disabled during the period in question is not in accord with logic and reason.
The reversal of the deputy’s order by the full commission was obviously based on two factors. First, there is the evidence that the petitioner had worked full time for some four months following the accident. From this fact, the full commission apparently concluded that if he had worked for that length of time immediately following the accident then he could not have been temporarily partially disabled when he quit full time work in February of 1959, Secondly, it appeared that upon ceasing his full time employment, petitioner became enrolled as a full time student. The conclusion which the full commission apparently drew from this fact was that the petitioner had quit working not as a result of any disability, but that he had quit for the sole purpose of attending school. It may be that these' conclusions would have been justifiable if they had been initially drawn by the deputy commissioner. Unless, however, they are the only conclusions in accordance with logic and reason which could be drawn from the evidence, reversal of the deputy’s order by the full commission would not be warranted.
 We do not think it can be stated as a rule of law that when a claimant continues to work because of economic necessity while in constant pain following an accident he is thereafter precluded from receiving compensation for disability when the pain becomes unbearable and the claim *608 ant ceases working because of it. Neither do we think it should be held that because a claimant, during a period of disability, becomes a full time student he should be precluded from receiving compensation, if he is in fact disabled. Such a rule would not only be unsupported by any provision of Workmen’s Compensation Law, it would, we believe, also violate the spirit and intent of the Workmen’s Compensation Law by penalizing a claimant for attempting through the furtherance of his education to limit the effect of his disability.
For the reasons stated, the order of the full commission is hereby quashed and the cause remanded with directions to reinstate the order of the deputy commissioner. On remand, the commission is directed to consider and act on the petitioner’s petition for attorney’s fees for representation before the Industrial Commission.
It is so ordered.
THOMAS, C. J., and ROBERTS, DREW and O’CONNELL, JJ., concur.