133 So.2d 732 (1961)
Elizabeth MATERA, Petitioner,
v.
John A. GAUTIER, Tax Assessor and Florida Industrial Commission, Respondents.
No. 31110.
Supreme Court of Florida.
October 25, 1961.
*733 Berson, Barnes & Inman and Jack C. Inman, Orlando, for petitioner.
Lally, Miller & Hodges, Miami, Burnis T. Coleman and Paul E. Speh, Tallahassee, for respondents.
HOBSON, Justice.
This is a petition for writ of certiorari to review an order of the Florida Industrial Commission wherein the Commission set aside the finding of its deputy that the petitioner-claimant was permanently totally disabled.
Petitioner, an employee of the Tax Assessor of Dade County, received injuries to her hand and back when in June, 1957, she tripped and fell against a desk, while in the course of her employment. She was thereafter treated by several doctors and did not return to work until April, 1960. It was stipulated that the date of her maximum medical recovery was April 4, 1960.
When petitioner returned to work, she was transferred to a different position and given lighter duties to perform. However, she found herself unable to continue her work because of her physical condition, and she finally ceased working on June 15, 1960, approximately two weeks prior to the hearing. Moreover, during the time she was working following her accident, she was absent on numerous occasions because of her physical condition. There was medical testimony that the petitioner was able to perform certain types of light work not involving prolonged sitting or standing, and not requiring lifting or bending and at which frequent "breaks" could be taken. The claimant herself testified that she thought that she might be able to do some kinds of light work but did not specify the type. She testified that she was not able to continue in her job at the Assessor's office, and this fact was verified in some measure by her supervisor. The petitioner is 47 years old and has an eleventh grade education. She has no special training or experience to qualify her for any particular type of work. The medical testimony showed that the petitioner has a herniated intervertebral disc causing a 30% functional disability of the body on an orthopedic basis, and an additional 10% psychiatric disability due to the accident.
The deputy found that based on her functional disability, her age, education and limited experience that she was permanently and totally disabled, having "completely lost her capacity to earn."
*734 The deputy also awarded a lump sum attorney's fee of $2,500 together with an annual fee equal to 15% of the compensation paid thereafter to the injured claimant.
On application for review, the petitioner admitted that the deputy's award was in error insofar as it awarded claimant compensation for temporary partial disability subsequent to petitioner's reaching maximum medical recovery, and in assessing the costs of certain medical testimony against the carrier.
The commission was therefore presented only with the questions of compensation for permanent total disability and attorney's fees. The commission held that the finding of permanent total disability was not supported by competent substantial evidence. The deputy's order was reversed and the cause remanded with directions to the deputy to determine the degree of the claimant's permanent partial disability and to reconsider the question of attorney's fees.
We find, contrary to the holding of the full commission, that the deputy's finding of permanent total disability was supported by competent substantial evidence in accordance with logic and reason. United States Casualty Co. v. Maryland Casualty Co., Fla., 55 So.2d 741. It appears from the record that when the petitioner returned to work she was given the lightest possible duties to perform and every consideration was extended her. The supervisor was tolerant and sympathetic. Petitioner made an honest effort to perform the light duties assigned to her but was physically unable to perform those duties for any appreciable length of time. It is apparent that she possesses no skill which might qualify her for a position involving a lighter type of work. When these factors are considered together with the amount of functional disability testified to by the medical witnesses, the finding of the deputy that the claimant has no earning capacity appears to be amply justified and substantiated by the record. Furthermore, the mere fact that the petitioner attempted to return to work after reaching maximum medical recovery, and found that she was unable to continue should not operate to her detriment, as respondent contends. See Underwood v. Terminal-Frouge Builders, Fla., Fla., 128 So.2d 605. Such fortitude should be commended rather than penalized.
On the basis of the evidence before him, the deputy could draw the legitimate inference that since the claimant was physically unable to perform a "tailor-made job" provided for her in the Assessor's office, she would not be able to obtain gainful employment elsewhere. It is true that the doctors who testified stated in a general way that she would be able to engage in some type of light work. One of the doctors suggested secretarial work. Certainly the deputy was not bound by this suggestion when it appears elsewhere in the record that the petitioner could neither type nor take shorthand. Although the claimant herself testified that she thought she might be able to do some type of work, this is by no means conclusive. The deputy, who was able to observe the demeanor of the witness, could well have concluded that this was no more than an overoptimistic desire on the part of the claimant, and that in spite of her willingness to work, she was not employable due to her physical disability. Upon consideration of all these factors we conclude that the deputy was justified in deciding, on the basis of the competent substantial evidence before him, that the claimant fell within the second class of disabled employees as described in the case of Earley v. Philadelphia & Reading Coal & Iron Co., 144 Pa.Super. 301, 19 A.2d 615, quoted with approval in the case of Port Everglades Terminal Co. v. Canty, Fla., 120 So.2d 596. It was held there that when a claimant is not able uninterruptedly to do even light work owing to physical limitation due to accidental injury, it is incumbent upon the defendant to show that suitable work is available to such person. Otherwise such a claimant is entitled to compensation for total disability. The respondent *735 made no such showing in the instant case.
If at some time in the future it can be shown that there has been a change in circumstances so that the claimant is no longer permanently and totally disabled and is capable of obtaining gainful employment, the respondents will, of course, have a remedy by way of Section 440.28, F.S.A. providing for petition for modification.
For the foregoing reasons the order of the full commission is quashed insofar as it reversed the deputy's order for failure to be supported by competent substantial evidence on the issue of permanent total disability.
As to the award of attorney's fees, we believe that the deputy commissioner erred in ordering the payment of fees based upon a percentage of annual disability benefits paid to the claimant. The fee represents compensation for services rendered up to the date of the hearing. There is no reason, either in logic or in law, for not determining the fee to which the attorney is entitled as of that date and awarding it in a lump sum. It is true that one of the factors to be considered in arriving at a just attorney's fee is the amount of the award. However, there are a number of other factors of equal importance, such as the novelty of the question presented and the amount of preparation involved. To award an indeterminable fee on the basis of future compensation is to place too great an emphasis on the size of the award and insufficient emphasis on the other elements which go into the determination of the attorney's fee to be awarded. Therefore the award of attorney's fees in this case must be reversed, and the cause must be remanded for reconsideration of this question and the determination of an appropriate lump sum fee.
Accordingly, the order of the full commission is reversed and the cause is remanded to the deputy commissioner for further proceedings in accordance with this decision. On remand it will be necessary for the deputy to amend his award, eliminating compensation for temporary partial disability, and for the expert witness fee of Dr. Silverstone, inasmuch as allowance for these items has been confessed to be in error.
It is so ordered.
THOMAS, Acting C.J., and DREW, THORNAL and O'CONNELL, JJ., concur.