O’CONNELL, Justice.
The petitioner-claimant, Calvin L. Trieste, seeks review by certiorari of an order of the Industrial Commission reversing an order of a deputy commissioner.
On January 13, 1959 claimant, while working as a carpenter, sustained a fracture of the left heel in an admittedly compensable accident. He received medical attention, including a fusion of the heel by operation. On May 27, 1960 he was discharged by the treating physician with a rating of 45 percent disability of the left foot.
Not being satisfied with this rating the claimant filed a claim for benefits under the act, which resulted in entry of an order by the deputy in which he found the claimant to be permanently and totally disabled. The deputy awarded benefits accordingly, including an attorney’s fee of $3750.00
The employer and carrier sought review before the full commission contending that the deputy had erred among other things in (1) awarding permanent total disability when the injury was admittedly only to claimant’s left foot, a scheduled injury, there being no competent substantial evi *674 dence to show that such injury resulted in a disability of the body as a whole; (2) appointing an independent doctor to examine claimant and considering his report, when there was no conflict in medical testimony; and (3) in awarding an attorney’s fee over objection of the employer and carrier on the basis of evidence submitted through affidavits of attorneys rather than by their testimony in person.
The full commission reversed the award of the attorney’s fee because it was based upon affidavits of two attorneys rather than upon testimony of those attorneys. It reversed the award of permanent total disability because not supported by competent substantial evidence. It ruled that benefits should be limited to the loss of use of the scheduled member, i. e. the left foot. The commission did not comment on the propriety of the deputy’s appointing a disinterested physician and considering that physician’s report.
It is this order that claimant asks us to review.
We think the full commission was correct in reversing the award of the attorney’s fee. In the recent case of Le Forgeais v. Erwin-Newman Company, Fla.1962, 139 So.2d 401, this Court decided this question saying “In cases where the amount of the fee is disputed qualified lawyers should be produced in person to testify under oath so that they can be subjected to cross examination.” In the case now before us claimant produced only affidavits of attorneys. The employer and carrier objected to the introduction and consideration of such affidavits. It was error for the deputy to admit and consider them.
In their brief and at oral argument the employer and carrier urged that the deputy erred in appointing a disinterested doctor to examine claimant and in considering his report as evidence, pointing out that Sec. 440.25(3)(b), F.S.A. authorizes such appointment of a disinterested doctor only when there is conflict in medical testimony. In this cause only one doctor (the treating physician who appeared as witness for the employer and carrier) testified.
The claimant argues that the carrier has waived any right to complain on this issue. He contends that the carrier consented to the appointment at the time the deputy announced he was going to appoint such doctor.
The record is silent as to any announcement leading to the appointment of the doctor by the deputy. The deputy’s order states that the carrier waived the right to cross-examine the doctor.
We think the fact that the carrier filed no cross-petition to review the full commission’s order on this point makes it unnecessary for us to consider it. Not having cross-petitioned, the carrier is not entitled to have reviewed any portion of the commission’s order which is adverse to it. City of Lakeland v. Catinella, Fla.1961, 129 So.2d 133; Crane Tile Co. v. Jenkins, Fla.App.1958, 105 So.2d 795.
On the remaining question we have come to the conclusion that the commission erred in limiting claimant to benefits due solely for the injury to his foot. However, we have also concluded that there is not in the record before us competent substantial evidence to show that the claimant is permanently and totally disabled.
The evidence clearly shows that the injury to claimant’s left foot has involved his back and his right foot or ankle.
Dr. Gregory, the doctor appointed by the deputy, stated in his report that the claimant suffered from a strain in his right foot due to the gait deficiency caused by the injury to the left foot. Dr. Neal, the treating physician, stated that although claimant did not complain to him of pain in his right foot, if in fact he did have such pain it could be due to the increased weight imposed on that foot because of the gait deficiency. Further, the carrier in effect conceded that the injury to the left foot has a wider effect, for *675 in its application for review by the full commission it stated:
“The deputy commissioner erred in awarding * * * compensation benefits for disability of the body as a whole, since the evidence in this case is conclusive that disability * * * was confined to the left foot and right ankle * * *. (Emphasis ours.)
In addition to the foregoing, the evidence given by both doctors and the claimant indicates that the left foot is sensitive to touch and pain emanates from it on touch or use.
Claimant testified as to his back complaints and both doctors specifically related such to his gait deficiency.
All of these factors together preclude a finding that the claimant’s disability is confined to a scheduled injury. Whenever a scheduled injury results also in loss of efficiency, pain in or involvement of some other part of the body, not included in the scheduled injury, the claimant is not restricted to benefits related only to the scheduled injury. Kashin v. Food Fair, Inc., Fla. 1957, 97 So.2d 609.
However, we cannot find competent substantial evidence in the record to support the deputy’s finding that the injury to the left foot and resulting involvement of the back and right foot had caused the claimant to experience a total loss of wage earning capacity.
The treating physician testified that while claimant could not work as a carpenter, he could do some type of work. Claimant testified that he had not tried to work at any job, although he had tried to do odd jobs around his landlady’s house and had been unable to do them. He stated that he might be able to hold a job “if it is sitting down part of the time and standing up part of the time.’’ He stated that he had been to the Florida State Employment Service about two weeks prior to the hearing at which he testified but they had nothing for him.
Claimant’s landlady and a friend testified as to what claimant could and could not do as they had observed him.
Dr. Gregory in his report stated that claimant’s back condition was very mild and compatible with claimant’s age and build.
Claimant argues that under Matera v. Gautier, Fla.1961, 133 So.2d 732 and under facts as found in this case it becomes incumbent on the carrier to show that suitable work is available which can be performed by claimant. The pertinent comment in the Matera case was based on the opinion of this Court in Port Everglades Terminal Co. v. Canty, Fla.1960, 120 So.2d 596, 601.
In Matera the claimant went back to work, but found it impossible to perform the work. In Port Everglades Terminal Co. claimant made many attempts to work.
In the instant case claimant made no effort to obtain employment until about two weeks prior to the hearing. There is no evidence that there is no market for the labor which he can perform. As the full commission pointed out, there was a dearth of evidence “by any witness qualified to evaluate claimant’s employment potential.”
Claimant has not established by competent substantial evidence his inability to do any work uninterruptedly so as to warrant placing upon the carrier the burden of showing that there was available work which claimant could perform.
It will be necessary for this cause to be remanded to the deputy to make a new finding as to claimant’s loss of wage earning' capacity and to make a new award of the attorney’s fee.
This opinion shall not be construed to preclude the deputy from again finding the claimant to be permanently and totally disabled if there is adduced before him competent substantial evidence to support a finding that claimant’s injury and resulting involvements have left him with no ability to earn wages in any work which he can do.
*676 Accordingly the petition for writ of certiorari is granted. The order of the full commission is affirmed in part and quashed in part, with directions that the cause be remanded to the deputy for further proceedings in which the disability of the claimant shall be determined and benefits awarded. Further, an attorney’s fee shall be awarded on appropriate evidence.
THOMAS, Acting C. J., DREW and THORNAL, JJ., and TAYLOR, Circuit Judge, concur.