BARNS, PAUL D., Justice (Ret.).
Claimant-Petitioner seeks review of a compensation order of the Florida Industrial Commission dated September 4, 1964, which order affirmed the compensation order of the deputy commissioner dated February 11, 1964, awarding claimant compensation for a thirty percent permanent partial disability. We find error and remand.
The deputy commissioner, in his first order for compensation to the claimant, stated:
“10. After due consideration of all the evidence, including the claimant’s age, education and work history, and his ability to perform the same or any other type of work for which he is able and qualified to perform, I find that the claimant has at least a 30 per cent permanent partial disability based upon loss of wage earning capacity.
“This Deputy is aware that the claimant is entitled to a definite rating after maximum medical recovery, and jurisdiction will be reserved pending efforts at rehabilitation, for the purpose of re *741 ceiving more precise evidence, if possible on the degree of permanent disability based on loss of wage earning capacity.”
and the Commission in the review of the award recited that “It is from this order of the deputy commissioner that the claimant is appealing, urging that the deputy erred in not awarding claimant compensation for permanent total disability, and erred in retaining jurisdiction to redetermine claimant’s partial disability” and thereupon vacated the award and remanded the claimant to the deputy commissioner for a full and final determination of the merits of the claim.
On remand to the deputy commissioner, he, among other things, made a finding as follows.
“Based upon the claimant’s age, education and work history and his ability to perform the same or any other type of work for which he is physically able and qualified to perform, it is found specifically that the claimant has a 30 per cent permanent partial disability based on loss of wage earning capacity that can be attributed to both his on the job injuries, one occurring on May 4, 1959 and the other occurring on January 5, 1961.”
and, inter alia, made an award based on thirty percent permanent partial disability of the body from which second award the claimant again appealed to the Commission urging that “The Deputy Commissioner erred in awarding claimant a 30% permanent partial disability when the evidence is uncontradicted in the record that claimant is totally disabled.” Upon this appeal, the Commission affirmed the deputy and thereupon claimant seeks this review on certiorari urging as error that claimant is entitled to compensation based on permanent total disability as to earning capacity.
Claimant’s injury is a nonscheduled injury. Compensation benefits must be determined not on a functional disability of the body, as established by the doctors, but on “disability” as defined in § 440.02(9), Florida Statutes Annotated, i. e., loss of wage earning capacity as to which his physical disability is evidentiary.
The claimant was originally injured in the course of his employment as a laborer on a garbage truck of respondent City of Car-rabelle in 1959, which resulted in a laminec-tomy and spinal fusion, after which claimant returned to work with the City about Christmas, 1960. On January 5, 1961, claimant suffered a second back injury in the course of his employment and a second laminectomy and fusion was attempted, but was not successful. Claimant has not returned to work and claims permanent total disability.
It appears from the record that claimant was born in 1922, stands erect, is well developed and well nourished, weighs 155 pounds, and is 5 feet 11 inches tall, and before going to work with the City his principal occupation was net fishing and oyster-tonging. As found by the deputy, the evidence establishes that he suffers a thirty percent permanent partial disability of the “body”. His work with the City was heavy labor. He has received only a fifth-grade education and post military service training.
The evidence established that in his present condition he suffers continuous pain in his back, and leg, except when alleviated by drugs and there is no immediate prospect of its abatement in the near future; that he cannot stand and shuck oysters for more than twenty or thirty minutes; that fishing and other efforts involving physical activity have repeatedly caused him to become bedridden for several days at a time; that his ability to lift is extremely limited, as Dr. Smith testified that claimant could probably lift no more than ten or fifteen pounds and that any lifting he might attempt would not cause material damage because the excruciating pain caused by the lifting or back strain would work as a sufficient deterrent. The evidence clearly establishes *742 that the claimant is disabled and suffers from pseudoarthrosis (a false joint or joint with movement) at the site of the second fusion, and that he suffers a “steady aching back pain which flares with motion”. Dr. Fry, an orthopedist, testified that “He definitely should seek the use of narcotics, use heat, firm board”.
The City has refused re-employment and claimant has been unable to find light work commensurate with his capacity in Carra-belle where claimant was raised and resides; Carrabelle is a fishing village on the northern coast of the Gulf of Mexico in West Florida with limited job opportunities. The Rehabilitation Nurse testified that “in my contacts with him and in my conversations I do feel he was motivated to return to gainful employment” and that she was unable to find employment in Carrabelle for the claimant, which he could perform with his physical handicaps.
Upon a review of all the evidence, it is our firm conviction that the failure to find that the claimant established that he now suffers a permanent total disability, as related to his wage earning capacity, was clearly erroneous. This conclusion takes into consideration the nature of his 30% body disability, his want of training in a skill, the availability of work commensurate with his .capacity, and the want of any showing that there is any kind of work available which he could perform with any appreciable degree of regularity. Port Everglades Terminal v. Canty, Fla., 120 So.2d 596, Matera v. Gautier, Fla., 133 So.2d 732, Southern Bell Telephone & Telegraph Co. v. Bell, Fla., 116 So.2d 617. As stated in Taylor v. Brennan Construction Company, Fla., 143 So.2d 320, in a quotation from Larson’s Workmen’s Compensation Law, § 57.51 reads:
“ ‘An employee who is so injured that he can perform no services other than those which are so limited in quality, dependability or quantity, that a reasonably stable labor market for them does not exist, may well be classified as totally disabled.’ The quoted sentence was taken from Lee v. Minneapolis Street Railway Co., 230 Minn. 315, 41 N.W.2d 433.”
The writ of certiorari is granted, the awards of the Deputy Commissioner and the Commission are quashed and the cause remanded to the Commission for further proceedings not inconsistent herewith.
It is so ordered.
THOMAS, Acting C. J., ROBERTS and O’CONNELL, JJ., and McCORD, Circuit Judge, concur.