190 So.2d 334 (1966)
Ralph D. CLARK, Petitioner,
v.
WESTERN KNAPP ENGINEERING COMPANY and the Florida Industrial Commission, Respondents.
No. 34793.
Supreme Court of Florida.
September 28, 1966.
*335 Jack C. Inman, Orlando, for petitioner.
Gurney, Gurney & Handley, Jesse F. Sparks, Jr., Orlando, Patrick H. Mears, Tallahassee, and J. Franklin Garner, Lakeland, for respondents.
DURDEN, Circuit Judge.
The petitioner, Ralph D. Clark, was an employee of Western Knapp Engineering Company. He sustained an injury by accident arising out of and in the course of his employment as a steel worker.
The employer and carrier accepted the claim as compensable and voluntarily paid temporary total disability compensation and provided all the medical care and treatment recommended and agreed to by the employee. The employer and carrier also stand ready to provide an optional surgical procedure if the employee determines to submit to such treatment.
The deputy commissioner awarded a twenty-five percent permanent partial disability on a basis which segregated and did not include as compensable a separate, distinguishable disease or condition of osteoarthritis which was neither connected to nor aggravated by the industrial accident.
The order of the deputy was unanimously affirmed by the Florida Industrial Commission. The case is here upon petition for writ of certiorari to the Commission.
The findings of the deputy and of the full commission are based upon competent, substantial evidence and should not be disturbed unless it is made to appear that the deputy misconceived the appropriate conclusion to be reached upon such evidence or misapplied a rule of law thereto.
Basically it is the contention of the employee that the determination of his disability is based upon a functional rating and is not based upon the loss of wage-earning ability or employability in the open labor market.
The rating determined by the deputy is consistent with the functional disability prescribed by the opinion of the most liberal physician.
The deputy further found that the employee had never attempted to locate any type of employment, and that the employee had not borne the burden of proving he was permanently disabled.
The employee seeks to bring himself within the rule announced in Matera v. Gautier, Fla., 133 So.2d 732, that:
"[W]hen a claimant is not able uninterruptedly to do even light work owing to physical limitation due to accidental injury, it is incumbent upon the defendant to show that suitable work is available to such person. Otherwise such a claimant is entitled to compensation for total disability."
*336 See also Port Everglades Terminal Co. v. Canty, Fla. 120 So.2d 596, and Millender v. City of Carrabelle, Fla. 174 So.2d 740.
The glaring difference between this case and those in which the rule of law quoted above applies is obvious on the most casual reading of the opinions. In the Matera case, supra, the employer provided the employee with a tailor made job with the lightest possible duties to perform; her supervisor was tolerant and sympathetic; the employee made an honest effort to perform the duties assigned to her but was physically unable to perform those duties for any appreciable length of time, and in spite of her willingness to work, she was not employable.
In the Canty case, supra, the claimant testified as to his efforts to obtain employment since his accident and made an estimate that he had applied for seventy-five or eighty jobs; that many employers refused to hire or retain him when they learned of his injury; that he was able to obtain and hold for varying periods of time a number of jobs involving light work; there was an unsuccessful effort at vocational rehabilitation; and the claimant registered with the Florida State Employment Service.
In the Millender case, supra, the claimant sustained a second injury following his return to work and after that he sought to fulfill the obligations of light employment but that he could not shuck oysters for more than twenty or thirty minutes and that fishing and other efforts involving physical activity have repeatedly caused him to become bed-ridden for several days at a time. Furthermore, the rehabilitation service tried but could find no employment for the claimant.
The rule set forth above simply does not apply to this case.
Here, the deputy found, and the evidence justifies such finding, that the employee would consider light work if it were offered to him but that he had never attempted to locate any type of employment since the accident. The employee made no effort to test his employability in the open labor market.
The employee further implies that since he has pain and should not perform heavy work that this is in effect a justification for not even seeking a job. It has been clearly established however in Montgomery Ward & Co. v. Hayes, Fla., 172 So.2d 581 that these two factors do not necessarily indicate a loss of wage-earning capacity.
In the case of Trieste v. Anchell, Fla., 143 So.2d 673, in a case very much like this one, the court said:
"Claimant has not established by competent substantial evidence his inability to do any work uninterruptedly so as to warrant placing upon the carrier the burden of showing that there was available work which claimant could perform."
Here, as there:
"there was a dearth of evidence `by any witness qualified to evaluate claimant's employment potential.'"
Here, the employee has also failed to make such a showing and therefore the deputy's order is not only sustainable it would have been erroneous to reach any other conclusion.
The second thrust on the petition is aimed at the failure of the deputy to award an attorneys fee. It is the contention of the employee that since the deputy did not apportion the cost of medical benefits provided to employee that he had rendered compensable professional service.
When this case came on for hearing before the deputy, counsel for the employer and the carrier in his opening statement did claim that the benefits that had been paid *337 to date should be apportioned according to the pre-existing disability and that in the event there was an apportionment that "we would respectfully request credit for against any award on the claim for permanent disability". (Tr. 3. 4.)
In the opening paragraph of his order the deputy recited that the claimant contended that there should be no apportionment and that the carrier contended that claimant's disability should be apportioned as set forth in Florida Statutes § 440.02(19), F.S.A. Section 440.02(19) as amended at the 1965 session of the legislature provides that medical benefits are not subject to apportionment but this provision did not apply at the time of the accident involved in this claim.
The deputy found that there was no aggravation of a pre-existing condition; that the claimant had sustained a separate compensable injury and disability and that this was not a case for apportionment.
He did not apportion the disability or medical expenses and it is therefore apparent that counsel for the employee did render a service for which he should be paid.
For the foregoing reasons the order of the Florida Industrial Commission should be affirmed on the issue of extent of disability and should be quashed insofar as it relates to the question of an attorneys fee for counsel for the claimant. Accordingly the order of the full commission is reversed and the cause is remanded to the deputy commissioner for further proceedings in accordance with this decision. On remand it will be necessary for the deputy to amend his award and make provision for the allowance for the attorneys fee on the basis set forth above.
It is so ordered.
THORNAL, C.J., and DREW, CALDWELL and ERVIN, JJ., concur.