322 So.2d 507 (1975)
Laura A. MAHLER, Petitioner,
v.
LAUDERDALE LAKES NATIONAL BANK et al., Respondents.
No. 46602.
Supreme Court of Florida.
September 24, 1975.
*508 K.P. Jones, of Jones & Montgomery, Fort Lauderdale, for petitioner.
Eugene N. Betts, Fort Lauderdale, for respondents.
ENGLAND, Justice.
This cause comes before us on petition for a writ of certiorari to the Industrial Relations Commission.[1] Petitioner contends that the Commission erred in reversing findings of the Judge of Industrial Claims ("the judge") to the effect that petitioner's on-the-job injury rendered her totally and permanently disabled.[2] The case also presents a more encompassing issue, however, in terms of the scope of our review under Scholastic Systems, Inc. v. LeLoup.[3] It poses the question of whether the Commission departs from the essential requirements of law when it overturns an order of a Judge of Industrial Claims in a case where both the Commission's order and that of the judge appear to be based on substantial and competent evidence.
The relevant facts are not complicated. While working as a drive-in teller for respondent, petitioner suffered a compensable injury to her back which causes great discomfort and pain. The basic controversy between the parties concerns petitioner's ability to secure and hold employment in the open labor market in light of her physical suffering. The judge found that petitioner sustained a 100% loss of wage earning capacity, based on evidence that:
(1) petitioner cannot perform a job involving continued standing and is unable to *509 remain seated for more than about ten minutes;
(2) she is 48 years old and cannot perform her own housework;
(3) she states that she could not offer an employer regular hours of work and is unsure of her ability to arise regularly from bed in order to get to work;
(4) she sought and could not obtain employment with the City of Lauderhill, and she tried and could not continue her previous full-time employment as a bank teller;
(5) future surgery will be required if her condition worsens; and
(6) petitioner sat and stood alternately at the workmen's compensation hearing, and at home she must lie on the floor with her legs elevated to relieve the tension in her back.
The Commission reversed and remanded the judge's order based on evidence that:
(1) petitioner's treating orthopedist testified that she could do light work which did not involve bending, stooping, continued standing, carrying, or lifting weights in excess of 25 pounds, if she was allowed to move about and sit in order to ease the tension on her back;
(2) petitioner failed to seek employment, except for an inquiry she directed to the mayor of the City of Lauderhill for a position in the utility company;
(3) respondent bank has available a position receiving and handling mail deposits, which does not involve bending or lifting and can be performed while sitting or standing; and
(4) respondent's personnel officer would recommend the position for petitioner and give her preference in hiring for that position.
These findings persuaded a majority of the Commission that petitioner had not carried the burden of proving permanent disability, citing to and quoting from Clark v. Western Knapp Engineering Co., 190 So.2d 334 (Fla. 1966).
The Clark decision reaffirms the principle in workmen's compensation cases that pain and the inability to perform hard work do not necessarily indicate a loss of wage earning capacity. A claimant must also affirmatively demonstrate that some effort was made to obtain employment within the claimant's physical limitations.[4] Such a showing will then shift to the employer the burden of demonstrating that suitable work is in fact available,[5] failing which compensation for total disability is awardable.
The record evidence of physical limitation, which the judge was in the better position to evaluate, was not the critical factor for a majority of the Commission, and it is not determinative for us.[6] The Commission found the evidence inadequate to support a finding that petitioner had endeavored to obtain employment in the open labor market within her physical abilities. This was a conclusion derived by applying available facts to the legal standard for a total disability award. The Commission was better able to make this determination than the judge, since overt efforts *510 to gain employment are not facts which derive any gloss from the trier-of-facts' superior vantage point.[7]
The petition for writ of certiorari is denied.
ADKINS, C.J., and ROBERTS, BOYD and OVERTON, JJ., concur.
NOTES
[1] Article V, Section 3(b)(3), Fla. Const. (1972).
[2] Two other issues presented to the Court relate to apportionment of benefits and attorneys' fees. Since this case must be reconsidered below, and since attorneys' fees are appropriately awarded only if petitioner is ultimately successful, both issues can be resolved by the Judge of Industrial Claims.
[3] 307 So.2d 166 (Fla. 1974).
[4] Such a showing was made, for example, in Matera v. Gautier, 133 So.2d 732 (Fla. 1961).
[5] The Commission's findings are in part directed toward the employer's effort to meet this burden. These findings are unnecessary if the reference to Clark is intended to mean that petitioner failed, as a preliminary matter, to meet her burden of seeking suitable employment.
[6] Section 120.68(10), Fla. Stat. (Supp. 1974).
[7] Petitioner's doubt as to her ability to perform the job then available from respondent is no substitute for an actual attempt. Her testimony in this regard is not substantial or competent on the issue of effort.