PER CURIAM.
The claimant suffered a compen-sable leg injury on August 27, 1976. In May of 1977 he began to experience back pain which he associated with the 1976 injury. The deputy commissioner made no specific finding relative to the back pain but limited claimant to the schedule. We conclude that he erred in light of the overwhelming evidence that the leg injury caused a limp which in turn caused the back pain. On this point the medical experts were in fundamental agreement. Dr. Neal initially expressed some doubt but finally agreed that if there was no intervening cause between the injury and the back pain, the pain was probably due to the limp. Whenever a scheduled injury results also in loss of efficiency or pain in some other part of the body not included in the specific schedule, claimant is not restricted to benefits related only to the schedule. Trieste v. Anchell, 143 So.2d 673 (Fla.1962). As to Point 1, the order is reversed.
Dr. Neal, in December of 1977,' indicated a need for surgery, if the effects of the injury did not respond to treatment. In March of 1978, claimant’! attorney requested that the carrier authorize the services of Dr. Turke. The carrier refused to authorize Dr. Turke and requested that claimant return to Dr. Neal who refused to see him without specific authorization. In April, claimant’s counsel again requested immediate treatment which was again denied. Claimant then went to Dr. Turke who treated him for two weeks while the carrier and Dr. Neal reestablished communication relative to authorization and treatment. The denial of Dr. Turke’s bill under these circumstances was error. Travis v. Air Control Products, 6 FCR 214 (1967). Communication difficulties which arise between a carrier and a physician should not *561 be visited upon the claimant in such a fashion as to deny needed medical attention. Thomas v. Lindsley Lumber, 8 FCR 52 (1973), cert. denied, 281 So.2d 193 (Fla.1973).
The order is reversed and the cause remanded for an order consistent with this opinion.
ERVIN, SHIVERS and SHAW, JJ., concur.