SHIVERS, Judge.
The employer/carrier appeal from a workers’ compensation order awarding claimant 40% permanent partial disability benefits of the body as a whole due to loss of wage-earning capacity. We reverse the *1062 award of permanent partial disability benefits because the record shows the claimant did not conduct a good faith job search.
The 30 year old claimant suffered a com-pensable low-back injury on March 11,1978. Treating physician Dr. Dale testified that claimant reached maximum medical improvement on March 6, 1980, with a 20% anatomical impairment. He testified that the claimant could not work as a waitress or at a job that required her to be on her feet all day, confined to one area, or at a job requiring significant lifting. Dr. Moll examined the claimant and testified that she had a 10% anatomical impairment and should not lift weights over 25 pounds. In September 1980 the claimant testified that she was unable to do any repetitive bending or lifting and could not sit or stand for prolonged periods of time. She testified that she sought work without success and intended to return to Missouri for possible employment following the conclusion of her workers’ compensation case.
On December 22, 1980, the deputy commissioner accepted Dr. Dale’s 20% anatomical rating and awarded the claimant 40% permanent partial disability benefits of the body as a whole due to loss of wage-earning capacity. Additionally, he ordered the employer/carrier to make all compensation payable jointly to the claimant and her attorney and authorized her attorney to retain 20% of the compensation benefits in a trust account for application toward an attorney’s fee later determined to be due.
The deputy commissioner erred in awarding 40% permanent partial disability benefits due to loss of wage-earning capacity because there is no competent, substantial evidence demonstrating that claimant conducted a good faith job search. Mahler v. Lauderdale Lakes National Bank, 322 So.2d 507 (Fla.1975); Walker v. Electronic Products and Engineering Company, 248 So.2d 161 (Fla.1971). Claimant testified she has not sought employment since September 10, 1980. She testified that she was seeking a job as a waitress and “might” have one lined up in Missouri once her workers’ compensation claim was cleared up. However, Dr. Dale testified that claimant was not medically capable of returning to work as a waitress. Additionally, claimant stated she had “checked” the newspaper ads, and talked to people at K-Mart and Thriftway about possible employment although she submitted no employment application at K-Mart and did not think she was capable of performing the job at Thriftway. She also looked for other work in Missouri but could not or did not indicate where she actually applied for work or whether there were positions available which she could perform. In fact, the whole tenor of her testimony indicates she has been waiting for a job to come along rather than actually seeking work. Claimant’s cavalier approach to testing her ability to compete in the open labor market is clearly insufficient to meet the work search requirement for showing a loss of wage-earning capacity. Therefore, the 40% permanent partial disability award due to loss of wage-earning capacity is reversed and remanded to the deputy commissioner with directions to award a permanency rating no higher than the accepted 20% anatomical impairment rating assigned by Dr. Dale.
The deputy commissioner further erred in requiring the employer/carrier to make compensation checks payable to both the claimant and her attorney and authorizing her attorney to retain 20% of all benefits paid in trust to be applied toward the amount of an attorney’s fee, to be determined at a later date. There is no statutory or case law authority to support this portion of the order. Section 440.20(1), Florida Statutes (1977), directs that compensation shall be paid directly to the entitled person. Section 440.22, Florida Statutes (1977), provides:
No assignment, release, or commutation of compensation or benefits due or payable under this chapter except as provided by this chapter, shall be valid, and such compensation and benefits shall be exempt from all claims of creditors, and from levy, execution and attachments or other remedy for recovery or collection of a debt, which exemption may not be waived.
*1063 Here, since the claimant was injured in 1978, it is the employer/carrier and not the claimant, who will be ultimately responsible for paying claimant’s attorney’s fees. Because the deputy commissioner has not yet determined the amount of the attorney’s fee to be awarded to claimant’s counsel, the claimant is being deprived of compensation during the period in which her attorney is authorized to retain 20% of all compensation benefits in trust.
Since a workmen’s compensation claimant’s benefits are limited, allowing an attorney or other person to obtain a portion thereof from a claimant, particularly when it is a substantial sum, would thwart the public policy of affording the claimant necessary minimum living funds and cast the burden of support for that person on society generally. Samaha v. State, 389 So.2d 639, 640 (Fla.1980).
Even under the new attorney’s fee statute, Section 440.34, Florida Statutes (1979), requiring a claimant to pay his attorney’s fees with limited exceptions and expressly providing for an attorney’s fee lien upon compensation payable to the claimant, this court has held that an employer/carrier are not obligated to send compensation checks jointly payable to the claimant and his attorney until the deputy commissioner has approved a reasonable fee. Wekiwa Concrete v. Reddick, 396 So.2d 832 (Fla. 1st DCA 1981).
Finally, contrary to the employer/carrier’s argument, the deputy commissioner did not err in accepting Dr. Dale’s testimony regarding claimant’s 20% anatomical impairment over Dr. Moll’s opinion that the claimant sustained only a 10% anatomical impairment. It has long been recognized that a deputy commissioner may accept one physician’s testimony over another physician’s testimony. Buro v. Dino’s Southland Meats, 354 So.2d 874 (Fla.1978). Here, Dr. Dale was the claimant’s treating physician for over two years and had testified at previous hearings although only his deposition was introduced at the hearing below. On the other hand, Dr. Moll only examined the claimant on one occasion in 1980 and the only record evidence of his evaluation is found in reports submitted to the carrier. Therefore, there was more than a sufficient basis for the deputy commissioner’s acceptance of Dr. Dale’s testimony over the testimony of Dr. Moll.
Therefore, the appealed order is affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.
AFFIRMED in part, REVERSED in part, and REMANDED.
ROBERT P. SMITH, Jr., C. J., and MILLS, J., concur.