JOANOS, Judge.
There is no statutory authority for the deputy commissioner’s order that the employer and carrier, Milhart Contractors and Auto Owners Insurance Company, respectively, (“E/C”) pay claimant’s attorney’s fee, therefore we reverse that order. In light of this reversal it is unnecessary to discuss the issue raised on cross-appeal.
The injury occurred on February 22,1980, thus the 1979 statute applies. Claimant was injured when he fell from a roof and fractured his skull. He was treated by Dr. Mozingo, who returned claimant to full employment as of May 5, 1980, although he continued to follow claimant, and saw him in July and October 1980. In June and July, 1980, claimant complained of inability to tolerate heat, headaches, and dizziness which prevented him from resuming work. On June 27, 1980, claimant requested further neurological evaluation, however, E/C declined to send claimant to any physician other than Dr. Mozingo unless for some reason Dr. Mozingo’s treatment was ineffective. In July, 1980, claimant was exam *345 ined by an unauthorized physician, Dr. Brackett, who stated further testing was necessary for a complete evaluation. In August, 1980, a claim was filed for payment of medical bills and further medical treatment. A hearing was held in January, 1981, and by order dated April 9, 1981, deputy commissioner Fontaine rejected the claim, determining Dr. Brackett’s treatment was not authorized and claimant was in need of no further medical treatment at that time. This order was not appealed, but on April 27, 1981, claimant’s attorney filed a motion for rehearing of the April 9, 1981, order, citing problems that had arisen since the hearing. This motion was never brought to hearing.
On April 10, 1981, claimant’s attorney wrote a letter informing E/C that on April 8, 1981, claimant again experienced dizziness, nausea, and severe head pain and went to the emergency room because Dr. Mozingo refused to see him.[1] Further care and treatment by a neurologist was demanded. On April 24, 1981, E/C wrote Dr. Brackett, authorizing him to examine claimant and provide additional treatment if warranted. On August 4, 1981, a claim was filed for medical treatment based on the original diagnostic testing by Dr. Brack-ett. It was claimant’s position that by the letter of April 24, 1981, E/C authorized an examination, but not treatment by Dr. Brackett.
In the order appealed, the deputy correctly found that the order of April 9,1981, was not affected by the motion for rehearing and became final after 30 days. It is clear the deputy considered E/C’s April 24, 1981, letter to Dr. Brackett to authorize both examination and any treatment found necessary. As a basis for ordering E/C to pay claimant’s attorneys fees, the deputy made the following statements. “I ... cannot ignore the totality of the facts in finding that the authorization finally given by the Carrier was for the care and treatment initially demanded on June 27, 1980, and came as a direct result of the persistence and diligence of counsel for the claimant.” The statutory basis for the award was not stated by the deputy commissioner, however, appellee contends the award was proper under Section 440.34(2)(a), Florida Statutes (1979), which permits an order that fees be paid by an E/C against whom claimant “successfully asserts a claim for medical benefits only, if the claimant has not filed or is not entitled to file at such time a claim for disability, permanent impairment, wage-loss, or death benefits, arising out of the same accident.”
Section 440.34(2)(a), Florida Statutes (1979) does not authorize the award of fees in the present case. On learning of claimant’s need for treatment by the letter of April 10, 1981, E/C on April 24, 1981, authorized examination and treatment by Dr. Brackett. This occurred before the claim of August 4, 1981, was filed. Appel-lee cannot rely on the claim filed in 1980 and the events that occurred and were resolved by the April 9, 1981 order as a basis for this award, since that order, which was not appealed, determined that claimant was not in need of treatment in addition to that provided by Dr. Mozingo in 1980. The 1981 claim was filed after E/C authorized examination and treatment by Dr. Brackett. Thus claimant did not successfully assert a claim for medical benefits. That claimant’s attorney rendered valuable services and is entitled to a reasonable fee is not a basis for assessing a fee against E/C. Pic N Save Drug Co. v. Moore, 412 So.2d 410 (Fla. 1st DCA 1982).
The order that E/C pay claimant’s attorney’s fee is REVERSED.
SHIVERS and WENTWORTH, JJ., concur.

. There is evidence in the record indicating Dr. Mozingo did not refuse to render further treatment, but was unavailable when claimant called, however, this evidence is not crucial to resolution of the case.