PER CURIAM.
This action, filed originally by Lawrence Lazar, is pursued by the executors of his estate who were substituted as plaintiffs upon his death. Lazar sought an accounting from his former law partner with respect to certain services performed during their partnership on behalf of a savings and loan association.
After hearing conflicting testimony and receiving evidence, the lower court determined that the plaintiff was not entitled to such an accounting and entered its order accordingly.
The findings of fact by the lower court reach us with a presumption of correctness and will not be disturbed upon appeal if there is sufficient competent evidence to support them. Our examination of the record discloses sufficient competent evidence to support a finding that the parties had agreed that Orr should have the exclusive rights to fees for any matter involving the savings and loan association.
This result is consistent with Frates v. Nichols, Fla.App. 1962, 140 So.2d 321, 324 where this court stated:
“Parties to a partnership agreement may contract with regard to the distribution of the assets of a partnership upon dissolution in a manner other than that which ordinarily flows by operation of law.”
The appellant has raised a second point on appeal but an examination of the assignment of errors does not show that this point was supported by a proper assignment of error and we, therefore, do not consider this point on appeal.
Accordingly, the order appealed from be and the same is hereby affirmed.