RAWLS, Acting Chief Judge.
The Members of the State Board of Conservation and the Director appeal from an *169 order of the Circuit Court finding that the Director did not comply with the mandatory requirements of Section 370.151, Florida Statutes, and voiding the Director’s order closing the area to shrimp fishing.
On January 1, 1968, the Board of Conservation closed the Tortugas shrimp beds off the coast of Monroe County to shrimp fishing. Numerous residents of Monroe County instituted this action seeking to permanently enjoin the Board from enforcing its order. Section 370.151, Florida Statutes, F.S.A., provides that the Director of the Board of Conservation may close shrimping in the described Tortugas Bay beds when he determines that the shrimp located in said area are of such a small size that the continuous taking of shrimp is harmful. This occurs when a series of drags in an area shows the total average catch is 60 count or smaller. The statute sets out the geographic description of the area, requires the giving of notice by newspaper and radio and directs that the closed area be marked with buoys or other markers. Of particular importance is the statutory provision directing that periodic surveys be made to determine when the beds may be opened to shrimping. Evidence adduced before the trial judge disclosed that the order closing the beds was promulgated after samples were taken in the area by making one drag at six of the ten testing stations. These samples were procured by utilizing a try-net with a smaller mesh than normally used by commercial fishermen. This sampling indicated that the shrimp were 60 count or smaller. Approximately three weeks later additional samplings were taken on some six days out of approximately a twenty-day period all indicating that the average count was 60 or more. A study by the Board’s agents in the latter part of this period utilizing a larger mesh try-net disclosed an average count of 57.5, while the smaller try-net revealed a smaller shrimp of a count of 93.5.
Plaintiffs’ witnesses testified that the smaller try-net was not an accurate barometer of the size shrimp obtained by commercial fishermen because the smaller mesh collected more trash which had the effect of preventing smaller shrimp from escaping. Evidence adduced by both the Board and plaintiffs revealed that fishermen generally use a try-net with the same size mesh as their big nets for the purpose of locating shrimp and determining whether the bottom will permit them to use the large net safely. The fishermen who violated the order and fished the closed area averaged 51 to 56 count.
The material question posed to us on this appeal is: Did the Circuit Court err in declaring that the Director of the Board of Conservation did not comply with the mandatory requirements of Section 370.151, Florida Statutes, F.S.A., in that there was not a series of drags by-net which produced a sufficient number of shrimp so as to fairly and reasonably ascertain the size of shrimp in the area, and further declaring that the purported order closing the area is null and void and of no force and effect? We have carefully reviewed the record in this cause and conclude that the order of the trial judge must be sustained upon the well-settled rule stated in Bardee Corporation v. Arnold Altex Aluminum Co., 134 So.2d 268 (Fla. App.3d 1961), viz.:
“A judgment rendered on a non jury trial is presumed correct and the trial judge’s findings have the quality of a jury verdict. Chakford v. Strum, Fla. 1956, 87 So.2d 419; Calhoun v. Corbisello, Fla. 1958, 100 So.2d 171, 173; Cutri Enterprises, Inc. v. Pan American Bank of Miami, Fla.App.1959, 115 So.2d 592, 595; Ross v. Florida Sun Life Insurance Company, Fla.App. 1960, 124 So.2d 892. Cf. Ward v. Miami Lock & Hardware Co., Fla.App.1960, 119 So.2d 395, 398. As we view this record that presumption of correctness is not overcome and the trial judge’s findings have adequate eviden-tiary support.”
*170 We adopt as the opinion of this court the following material portions of the able trial judge’s order:
“2. That the Director of the State Board of Conservation did not comply with the mandatory requirements of Section 370.151, Florida Statutes, in adopting the order closing the Tortugas shrimp beds on or. about January 1, 1968, in that there was not a series of drags by net which produced a sufficient number of shrimp so as to fairly and reasonably ascertain the size of shrimp in the area, and therefore the purported order closing the area is null and void and of no force or effect.
“3. That the said statute contemplates that the Director of the State Board of Conservation shall use a type of net which will reflect the total average size of shrimp generally taken by commercial shrimpers in making the series of drags as required by law. It is within the discretion of the Director to use any size net between the largest and smallest in general use in the commercial taking of shrimp in the area.
“4. That the evidence and testimony of the expert showed too great a variance between the product obtained by the try-nets used in sampling to form the basis for compliance with the .statute. In light of this testimony, this Court is not prepared to rule that the equipment used by the Director of the State Board of Conservation is sufficient to comply with the minimum requirements of the statute.

“6. Prior to any lawful closing of the Tortugas shrimp beds the defendant shall make a series of drags by net of sufficient number and producing a sufficient number of shrimp so as to accurately indicate the shrimp which would be taken by commercial gear in use in the area.”
Affirmed.
JOHNSON and SPECTOR, JJ., concur.