234 So.2d 99 (1970)
Edward S. ROSS, Petitioner,
v.
Mrs. Vera ROY, d/b/a Atlantic Boulevard Animal Hospital and General Accident Group, and Florida Department of Commerce, Respondents.
No. 39158.
Supreme Court of Florida.
April 8, 1970.
Rehearing Denied May 11, 1970.
William D. Barfield, Jacksonville, for petitioner.
James E. Cobb, of Mathews, Osborne & Ehrlich, Jacksonville, Patrick H. Mears and J. Franklin Garner, Tallahassee, for respondents.
ERVIN, Chief Justice.
We have for review by petition for writ of certiorari an order of the Industrial Relations Commission affirming an order of the Judge of Industrial Claims.
Petitioner, was employed by the respondent Mrs. Vera Roy, as a veterinary hospital orderly and on December 30, 1964, during the course of his employment, fell from a truck and fractured his leg. On May 15, 1965, while attempting to walk on crutches, claimant's leg gave way causing him to fall and rebreak his leg. He then incurred numerous periods of hospitalization attributable to his injury, related surgery, and to complications related thereto. *100 Finally, on April 4, 1967, claimant was released from hospitalization for recuperation at home where he was confined to bed a portion of the time and used a walker.
Various medical reports of Dr. McAuley, the treating physician, were offered in evidence. Dr. McAuley reported he examined claimant on September 13, 1967, at which time claimant was walking with the aid of a walker. In his report dated September 14, 1967 Dr. McAuley found claimant had only approximately 35 degrees of active flexion in his left knee and that as a result of the shortening of this extremity and the stiffness about his left knee, claimant sustained a 50 per cent permanent partial disability of the lower extremity as a result of his injury. Dr. McAuley equated this to a 20 per cent permanent partial disability rating to the body as a whole. In a report dated October 25, 1967, Dr. McAuley opined claimant reached maximum medical improvement on September 13, 1967, but that claimant would need the assistance of either a walker or a cane to ambulate. In a subsequent report dated January 24, 1968, Dr. McAuley stated that his previously assigned rating was based strictly on claimant's physical impairment and that no allowance was made for claimant's age, educational background, or the effect of the injury on his earning capacity. Considering these factors, Dr. McAuley opined "it is very unlikely that this patient will ever be able to perform any gainful employment in the future other than that of a very sedentary nature."
In March of 1968, claimant came under the care of Dr. Richard Worsham. Following a period of two or three weeks of physiotherapy, claimant was able to begin walking with the use of a cane. In his report dated July 23, 1968, Dr. Worsham opined claimant had a 20 per cent permanent partial disability of his body as a whole and was capable of only the most menial jobs. He discharged claimant at this time, noting that it was questionable whether claimant's physical condition could be improved by any additional orthopedic procedure.
At the hearing it was established claimant was approximately 63 years of age; that he had completed the third grade, leaving school at age 14; that he performed farm work and odd jobs to age 18, following which he performed various manual labor type work and odd jobs before being employed by Respondent.
Claimant testified he cannot stand for more than 15 or 20 minutes at a time; that he tires easily when he walks; that he has been in the habit of walking daily to exercise his leg, walking a total distance of approximately one mile in about one half of a day with frequent rests between short periods of walking, and that his leg has a tendency to give way at times. Claimant testified that he made one attempt to obtain work at a grocery store, without success; that the reaction of the people at the store when he applied for work was such that he was discouraged and has not made additional efforts to find employment. Claimant also testified he sought the services of vocational rehabilitation but has not been successful in being placed in any form of gainful employment and has not received any vocational rehabilitation training.
In a final report dated May 10, 1967, Rehabilitation Nurse Coordinator Kathleen Parrish of the Florida Industrial Commission, reported that "in view of the claimant's age and limited education it is felt that the possibility of his returning to gainful employment is remote." In a report on February 3, 1969, Rehabilitation Nurse Coordinator Kathryn Ard recommended that "because of the claimant's age, educational background, previous work experience and length of disability and physical limitations, it is questionable that he would benefit from a rehabilitation program." Nevertheless, Nurse Ard referred claimant to the Division of Vocational Rehabilitation, State Department of Education, "for *101 counseling and possible selective job placement, at the claimant's request."
In his order dated April 21, 1969, the Industrial Judge found that claimant's injury should be characterized as an injury to the body as a whole rather than a schedule injury; that claimant reached maximum medical improvement on July 23, 1968, the date chosen by Dr. Worsham; and that on the basis of the organic disability involved and the impact on claimant's wage earning capacity, considering his age, education, and work history, "claimant now has a 50 per cent permanent partial disability of his body as a whole as a result of the organic disability of 20 per cent of the body as a whole and the additional factors bearing on the impact on wage earning capacity."
On review, the Industrial Relations Commission concluded the Industrial Judge should have based his award on a scheduled injury instead of diminution of earning capacity since there was no finding that claimant's injury produced incapacity in any other portion of his body, and since the record did not reflect a total destruction of earning capacity. However, since this point was not raised, the Commission affirmed the order on the basis claimant failed to show that his permanent disability was greater in degree than that found by the Judge of Industrial Claims.
Petitioner asserts the finding of the Industrial Judge that claimant was 50 per cent permanently partially disabled as against the contention claimant was permanently totally disabled is not supported by competent substantial evidence. In this respect Petitioner contends the Industrial Judge, with the Commission affirming, has failed to adhere to and apply the rule followed in numerous decisions of this Court to the effect that when a claimant is not able uninterruptedly to do even light work owing to physical limitation due to accidental injury, it is incumbent upon the employer to show that suitable work is available to the claimant, otherwise he is entitled to compensation for total disability. See Port Everglades Terminal Co. v. Canty, Fla., 120 So.2d 596; Matera v. Gautier, Fla., 133 So.2d 732; Hogan v. Central Sand Company, Fla., 141 So.2d 576; Taylor v. Brennan Construction Co., Fla. 1962, 143 So.2d 320; Millender v. City of Carrabelle, Fla., 174 So.2d 740; Richardson v. City of Tampa, Fla., 175 So.2d 43.
Upon a review of the totality of the evidence before us, we conclude the Industrial Judge's failure to find claimant permanently totally disabled as related to his wage earning capacity was erroneous. Considering the nature and extent of claimant's residual anatomical disability as related to his age, limited education, and employment history oriented as it is primarily, if not exclusively, in manual type labor, we think there exists competent substantial evidence to warrant a finding that a reasonable stable labor market commensurate with claimant's ability to perform regular employment services is unlikely to exist. See Hogan v. Central Sand Co., supra. In such a situation, in order to obviate a determination claimant was permanently totally disabled, we think it was incumbent on Respondent to show that some form of regular employment is in fact within reach of claimant. See Matera v. Gautier, supra. Respondent has made no such showing in the present case.
In addition to the above-mentioned evidence suggesting claimant's inability to perform regular employment services in a stable but competitive labor market position, we refer specifically to the reports of Rehabilitation Nurses Parrish and Ard. The combined effect of these nurses' evaluations of claimant's future employment potential was to the effect that claimant's chances of returning to gainful employment were remote, that it was questionable whether he would benefit from a rehabilitation program, and that possible future *102 employment may lie in selective job placement. The single conclusion emerging from such unrefuted expert evidence when considered in regard to the totality of the circumstances here revealed indicates the Industrial Judge erred in failing to find claimant entitled to permanent total disability benefits in accordance with the rule adhered to in the above-cited cases. We hold that the record herein justifies only the findings that Petitioner is permanently totally disabled within the meaning of the Florida Workmen's Compensation Law, and that he should be compensated accordingly. Our conclusion in this respect is not affected by the schedule nature of claimant's injury since the impact of a schedule injury washes out in the presence of a finding of permanent total disability. See Reed v. Sherry Frontenac Hotel, Fla. 1963, 150 So.2d 225.
Our conclusion as above stated does not foreclose a future showing by Respondent that there has been a change in circumstances demonstrating claimant is no longer permanently and totally disabled and is capable of obtaining gainful employment. F.S. Section 440.28, F.S.A., of course, provides Respondents such a remedy by way of petition for modification.
The order of the Industrial Relations Commission is quashed and vacated with directions to remand the cause to the Judge of Industrial Claims with instructions to enter a compensation order in accordance with the views herein expressed and to reconsider the question of attorney's fees in the light of the determination of such permanent total disability of the Petitioner.
It is so ordered.
DREW, BOYD and ADKINS, JJ., concur.
THORNAL, J., dissents.