PER CURIAM.
Both the claimant and the employer/carrier seek review of an Industrial Relations Commission order directing that the Judge of Industrial Claims give further consideration to claimant’s status as being either permanently partially disabled as to her left leg, or permanently totally disabled. With the exception of one point raised by claimant, we think the arguments raised by the parties are without merit, and the petitions should be denied.
Initially, the claimant was awarded a rating of 25% permanent partial disability of the left leg. The award was made with the understanding that she should seek rehabilitative job training. In the course of subsequent training, it was discovered that her condition resulted in the effective loss of the use of her leg, and her practical ability to either train for new employment or secure a job was cast into doubt. A claim for modification resulted in an increased award of 50% permanent partial disability with loss of the use of the leg. On review, the Commission reversed and ordered that the Judge of Industrial Claims reconsider the claimant’s ability to compete for employment. Citing Port Everglades Terminal Co. v. Canty, 120 So.2d 596 (Fla.1960), the Commission noted that even though a claimant may be able to perform some work, a finding of total permanent disability might still obtain.
While agreeing with the Commission that a reconsideration is appropriate, we cannot follow the Commission’s further comment that, “[I]f she is not a permanently totally disabled, her rating would necessarily remain as originally found, i. e., 25 percent permanent partial disability of the leg.” The modification of the original award under Fla.Stat. § 440.28, F.S.A., was based upon a mistake in fact: the mistaken extent to which it was thought that claimant could be effectively rehabilitated for the job market. Claimant correctly asserts that this rating is supported by the requisite quality of competent, substantial evidence. Therefore, the Judge of Industrial Claims is free to adhere to that award if, upon reconsideration, a determination of permanent total disability is not justified.
The petition of the employer/carrier is denied. The cross-petition of the claimant is denied with the point of exception noted above, and accordingly the Order of the Judge of Industrial Claims is reinstated to the extent of the point of exception without oral argument.
It is so ordered.
CARLTON, Acting C. J., and ADKINS, BOYD, McCAIN and DEKLE, JJ., concur.