287 So.2d 67 (1973)
Isaiah STANLEY, Petitioner,
v.
MASTER MASONRY CONSTRUCTION, INC., Employer, Hartford Accident and Indemnity Company, Carrier, and the Industrial Relations Commission, Respondents.
No. 43939.
Supreme Court of Florida.
December 12, 1973.
Bill McCabe of Meyers, Mooney & Adler, Orlando, for petitioner.
John G. Rooney of Sands, Smalbein, Eubank, Johnson, Rosier & Bussey, Cocoa, for respondents.
*68 PER CURIAM.
Petitioner-claimant Isaiah Stanley has petitioned this Court for writ of certiorari to the Department of Commerce, Industrial Relations Commission.
Petitioner suffered a back injury while in the course of employment of Master Masonry Construction, Inc. He was treated by Dr. F. DeWitt Stanford for his injury for several months and was released with the opinion of the doctor that he had reached maximum medical improvement, and had incurred a 15 per cent permanent partial disability of the body as a whole.
Petitioner sought permanent total disability benefits before the Judge of Industrial Claims. A hearing was held before said Judge and the following witnesses were among those who testified in behalf of Petitioner:
(a) Petitioner's treating physician, Dr. F. DeWitt Stanford, whose limitations on the Petitioner's functions virtually eliminated him from the manual labor market.
(b) A clinical psychologist, who evaluated Petitioner's limited mental capacity.
(c) The owner of a job placement agency, who contacted approximately 65 different companies in an attempt to find Petitioner a job, all to no avail. He stated that in his opinion a man with Petitioner's physical and mental limitations is unemployable in the central Florida area.
The Judge of Industrial Claims found that Petitioner had a permanent partial disability rating of 60 per cent of the body as whole. Petitioner appealed this order to the Industrial Relations Commission which affirmed the finding of the Judge of Industrial Claims.
Petitioner contends there is no competent substantial evidence to support the Judge of Industrial Claims' finding that Petitioner was not permanently and totally disabled. Furthermore, Petitioner urges that both the Judge of Industrial Claims and the Industrial Relations Commission ignored the mandates set down by this Court in Johnson v. Braisington-Cadillac Oldsmobile, Inc., 265 So.2d 8 (Fla. 1972), and Gibson v. Minute Maid Corp., 251 So.2d 260 (Fla. 1971). To this we agree.
Both the Johnson and Gibson cases hold that where there exists competent substantial evidence to warrant a finding that a reasonably stable labor market commensurate with claimant's ability to perform is unlikely to exist, it is incumbent upon the employer-carrier to show that some form of employment is in fact within reach of the claimant in order to obviate a determination that the claimant was permanently and totally disabled.
The record in the case establishes the fact that there was competent substantial evidence to warrant a finding that a reasonably stable labor market commensurate with claimant's ability to perform regular employment is very unlikely to exist. The employer-carrier in the case sub judice did not present any testimony to show that some form of regular employment is within the reach of the claimant. Therefore, both the Judge of Industrial Claims and the Industrial Relations Commission were in error as a matter of law in not finding that the claimant [Petitioner] was permanently and totally disabled.
We find no basis in the evidence for a finding that Petitioner has a permanent partial disability rating of 60 per cent of the body as a whole. The evidence only supports a finding of permanent and total disability. The Judge of Industrial Claims had no basis upon which to find a lesser percentage of disability. He did it without evidentiary support, apparently on speculation.
Accordingly, the orders of the Judge of Industrial Claims and the Industrial Relations Commission are quashed with direction *69 that an appropriate order be entered finding that Petitioner is permanently and totally disabled.
It is so ordered.
CARLTON, C.J., and ERVIN, BOYD, McCAIN and DEKLE, JJ., concur.