BOYD, Justice.
This cause is before us on petition for writ of certiorari to the Florida Industrial Relations Commission.
Claimant, petitioner herein, seeks review of an Order of the Industrial Relations Commission, dated April 4, 1973. Her injuries resulted from a fall in which she injured her right chest, right breast, and left leg. The injury to the leg eventually required surgery, involving removal of the knee cap. Following this surgery, and as a result thereof, she developed blood clots, requiring additional surgery for removal thereof. She reached maximum medical improvement on July 19, 1969. All medication ceased, and the treating physician cautioned the claimant to continue to use an elastic stocking and restraiij from strenuous use of the leg. At this time, the treating physician opined that the claimant was not able to perform duties requiring prolonged walking or standing. The Judge *2 of Industrial Claims’ original Order of October 10, 1969, accepted the above date of maximum medical improvement, and awarded 25% permanent partial disability of her left leg, but specifically found that the claimant could and should undergo rehabilitative training which would be necessary in order to return her to productivity.
Following the entry of this Order, claimant did undergo rehabilitative training, but the rehabilitation services were unable to place the claimant in productive employment. She was subsequently sent to Lindsey Hopkins School to learn the operation of sewing machines. She was able to attend only six days, because of increased swelling and pain in her left leg, and was compelled to terminate this schooling, and again seek medical care. She returned to the original treating physician, and medical care was again reinstituted. The doctor was of the opinion that the claimant was not able to work when he saw her at this time. The doctor stated he knew of nothing further which could be done for the claimant, but requested consultation with another doctor. The latter doctor knew of nothing that could be done for the claimant, either medical or surgical, but did recommend continued use of an elastic stocking.
It was the opinion of the original treating physician that claimant could not engage in full-time employment, that the most she could do at this time was part-time or half-day work, and said work could not include prolonged standing. The doctor indicated the need for the claimant to wear support stockings, limit her activities, limit her dependency upon the leg, and prop up the leg as much as possible. The doctor testified she underwent a change in condition requiring active treatment, and that he had changed his thoughts regarding his evaluation of her disability due to her inability to continue training. He indicated that he felt the disability was now indeed greater than the original 25%.
The second doctor evaluated the claimant as having a 50% disability of the leg as of the time he saw her. The claimant testified that her leg was now worse, and that she experienced more swelling, and could not stand on it as much as before. A rehabilitation nurse-coordinator, employed by the Department of Commerce, testified that, while the claimant was extremely motivated, she presented a real rehabilitation problem, in that with her disability and present skills, it was the opinion of the rehabilitation coordinator that there was no type of job where the claimant could be placed.
Pursuant to a remand, and at a hearing on January 4, 1972, the claimant once again testified, as did another rehabilitation nurse. The second nurse was also familiar with claimant’s background and medical problems, as well as her inability to read and write. Because of these factors, she testified that Vocational Rehabilitation had closed the claimant’s case, and they felt there was little that could be done for the claimant. The witness testified she did not think there were possibilities of any rehabilitation for the claimant. Based upon this evidence of claimant’s inability to be rehabilitated, the trial judge adjudicated the claimant to be permanently and totally disabled.
On review, the Industrial Relations Commission, with one member dissenting, reversed the award for lack of competent substantial evidence to support the permanent total disability. The majority of the Commission noted this case has had a long, tortuous history involving, at the point of the latest Commission’s decision, six separate orders. As the Commission noted, the first Order awarded the claimant 25% permanent partial disability. Later, pursuant to petition for modification, an Order was issued awarding the claimant 50% permanent partial disability of the left leg. Thereafter, the Commission reversed and remanded said Order, stating:
“If she is not permanently totally disabled, her rating would necessarily remain as originally found, i. e., 25% permanent partial disability of the leg”.
*3 The case next went to this Court, on both petition and cross-petition for certiorari. This Court denied both petitions,[1] and affirmed in all respects, except that this Court remanded to permit reinstatement of the trial judge’s 50% permanent 'partial disability awarding, noting:
“ . . . [The] Judge of Industrial Claims is free to adhere to that award if, upon reconsideration, a determination of permanent total disability is not justified.” [2]
As to the latest Judge of Industrial Claims’ Order, noted above, the Commission reversed and remanded, indicating that, while pursuant to this Court’s Order, the Judge of Industrial Claims’ second award of 50% permanent partial disability would be proper; nevertheless, “there was no evidence whatsoever in the transcript before us to show that there has been any change in condition as to the claimant’s wage-earning capacity or percentage of disability subsequent to June 30, 1970”, and, therefore, the Judge of Industrial Claims’ latest award of permanent total disability was inappropriate.
In the instant petition, claimant argues, inter alia, that there is competent substantial evidence in the record to support the award of permanent total disability, and that the Commission therefore erred in reversing said award for lack of competent substantial evidence.
As noted, at the latest Judge of Industrial Claims hearing, the evidence consisted mainly of a new deposition of the claimant and testimony by a second individual from the rehabilitative services of the Florida Department of Commerce. In commenting upon this testimony, the Judge of Industrial Claims noted:
“It was her opinion that the claimant could not be rehabilitated, and that she is unemployable. The claimant appeared and testified, and her deposition taken in December, 1971, was placed into evidence. The claimant is doing a little bit of housework, but is unable to do this continuously. She testified that her physical condition is approximately the same as it was at the time she last appeared and testified that her leg hurts all the time and swells, and that she has occasional hurting in her back. Her injured left leg was viewed by the undersigned Judge of Industrial Claims. In consideration of the foregoing findings, the medical opinions, as well as the claimant’s inability to be rehabilitated, it is found that there has been a mistake in determination of the fact as to the claimant’s disability to be rehabilitated, that she cannot be rehabilitated, cannot perform full-time employment, and that she is, owing to her physical limitations, due to the accidental injuries with her employer herein, permanently and totally disabled.” (Emphasis supplied.)
In reversing this award, the Commission’s main attack was upon the testimony of the rehabilitation nurse. The Commission’s attack upon this testimony, however, itself provides an indication that from this additional testimony, and from the additional deposition and observation of the claimant, there was indeed competent substantial evidence to support the Judge of Industrial Claims’ new finding noted above. Therefore, the Industrial Relations Commission was in error in reversing this latest Order of the Judge of Industrial Claims. Pierce v. Piper Aircraft Corporation;[3] Meadows v. Curly’s Trash Service, Inc.;[4] Painter v. Board of Public Instruction of Dade County;[5] United States Casualty Co. v. Maryland Casualty Co.[6] See Johnson v. *4 Brasington Cadillac-Oldsmobile, Inc. ;[7] Gibson v. Minute Maid Corporation;[8] Ross v. Roy;[9] Port Everglades Terminal Company v. Canty.[10]
Accordingly, the petition for writ of cer-tiorari is granted, the Order of the Industrial Relations Commission is quashed, and the cause remanded with instructions to reinstate the May 11, 1972 Order of the Judge of Industrial Claims awarding claimant permanent total disability.
It is so ordered.
CARLTON, C. J., and ROBERTS, ERVIN and DEKLE, JJ., concur.

. 253 So.2d 1 (Fla.1971).

. Id. at 2.

. 279 So.2d 281 (Fla.1973).

. 244 So.2d 417 (Fla.1971).

. 223 So.2d 33 (Fla.1969).

. 55 So.2d 741 (Fla.1951).

. 265 So.2d 8 (Fla.1972).

. 251 So.2d 260 (Fla.1971).

. 234 So.2d 99 (Fla.1970).

. 120 So.2d 596 (Fla.1960).