311 So.2d 366 (1975)
Cary COLVIN, Petitioner,
v.
STATE of Florida, DEPARTMENT OF TRANSPORTATION (Self-Insured) and the Florida Department of Commerce, Industrial Relations Commission, Respondent.
No. 45091.
Supreme Court of Florida.
March 12, 1975.
Rehearing Denied May 14, 1975.
*367 Vincent A. Lloyd, Law Offices of C.R. McDonald, Jr., and Charles A. Sullivan, Fort Pierce, for petitioner.
John L. Pearce, Tallahassee, for the State of Florida Dept. of Transportation, respondent.
DEKLE, Justice.
This cause brings for review by certiorari an order of the Florida Industrial Relations Commission reversing a decision of the Judge of Industrial Claims awarding $8,000 in attorney's fees to the claimant's attorney, Charles A. Sullivan. We granted certiorari with oral argument. F.A.R. 3.10(e).
The sole issue for our determination is whether or not the claimant's attorney, Charles A. Sullivan, was entitled to an attorney's fee for his representation on behalf of the claimant and in the event an attorney's fee is found to be due, whether the award by the Judge of Industrial Claims was proper. The claimant was awarded permanent total disability as a result of an industrial accident January 12, 1971. The employer concededly paid temporary disability, medical expenses and a 15% permanent total rating voluntarily and timely. The employer later accepted the claimant as being permanently totally disabled on September 27, 1972. It is contended that the employer did not timely accept a permanent total disability rating[1] which upon successful prosecution entitled claimant's attorney to a reasonable fee.
The JIC awarded attorney's fees based on obtaining permanent total disability rating instead of the 15% permanent rating earlier by employer, specifically finding that employer was aware claimant might have total disability. The JIC found that employer did not timely accept permanent disability and that information upon which employer based its later determination was the work product of claimant's attorney.
Reversing the JIC, the Commission held that it was apparent that there never had been any question whether employer accepted liability and further that on September 26, 1972, claimant's attorney offered to settle, which employer declined, instead accepting permanent total disability the next day. The IRC concluded that there was *368 no competent substantial evidence to sustain the finding that attainment of the total disability award was the work product of claimant's attorney, stating that no treating physician had expressly so rated claimant, although the later prognosis of the psychiatrist, Dr. David Tingle, in letter of September 7, 1972, obtained by claimant's attorney stated: "I am somewhat gloomy as to a psychiatric `cure' in this man ..." and that only "electric shock treatment" remained as a possibility. The IRC does not mention employer's concession in its letter to claimant's attorney of September 27, 1972, accepting permanent total, that: "We received photostatic copies of Dr. David Tingle's 100% disability rating dated September 11, 1972, showing a maximum recovery date of September 8, 1972." The IRC noted that the employer recommended treatment by a psychiatrist in order to determine the extent of disability (although this was after meeting with claimant's attorney) and concluded that attainment of a permanent total rating was as much the work product of employer's counsel as claimant's. Accordingly, the JIC's order was reversed and the claim for attorney's fees was dismissed.
Before dealing with the substantive issue, it is appropriate that we consider the application of our relatively recent standard for review of IRC cases on the basis of traditional certiorari rather than appellate review as expressed in Scholastic Systems, Inc. v. LeLoup, 307 So.2d 166 (Fla. 1974), wherein we stated that the review of IRC cases would hereafter be upon traditional certiorari grounds based on a failure to conform to the essential requirements of law below, either by the IRC in its appellate review or the actions of the JIC as reviewed by the IRC.
Where the IRC is placed on the level of an "appellate court" in the review of JIC actions, as it has been by our holding in Scholastic Systems, it follows as with DCA appeals that the actions of the "trial court" (JIC) arrive in the appellate court (IRC) with a presumption of correctness. JIC findings and awards or denial thereof can be overthrown only if not well founded under applicable legal principles, which would include a misapplication of applicable law, or upon a showing of a lack of competent evidence to support the findings or the ruling of the trial judge. IRC affirmance when there is such a lack of evidence, or reversal where the evidence is in fact sufficient, would constitute a "departure from the essential requirements of law" which would vest jurisdiction for certiorari in the Supreme Court. It is upon the latter basis that this review has been granted.
The IRC, like the DCA, cannot be permitted to substitute its judgment on matters of discretion where there is sufficient proof in the record to support the trial judge's findings and rulings, even though the appellate view of the matter might have been different had the IRC been in the position of the trial judge.[2] Applying this rule to the present case, it is apparent that the IRC has fallen into that temptation which has in the past befallen appellate courts, of substituting its "better judgment" for that of the "errant trial judge" which is not permitted.[3]
It is understandable that an adjustment to this posture takes a little time under the substantial change in the review inaugurated by Scholastic Systems. Nonetheless, there must be a beginning and the *369 present case presents such an instance of a substitution of judgment by the IRC for the findings of the JIC, which findings are supported in the record. Where the JIC findings and conclusions find competent support in the record, it cannot be said that there is that "lack of competent substantial evidence" which will justify a reversal by the IRC, and if the IRC in the face of such competent evidence reverses the JIC, it would then be a departure from the essential requirements of law contemplated under certiorari (as distinguished from "appellate") review here, and we must take jurisdiction and reverse the IRC.
Now as to the facts sub judice. Fla. Stat. § 440.34(1) makes the employer liable for attorney's fees where "he shall decline to pay a claim on or before the 21st day after they have notice of same, or shall otherwise resist unsuccessfully the payment of compensation and the injured person shall have employed an attorney at law in the successful prosecution of his claim." (emphasis added) In support of the JIC's findings, claimant's attorney emphasizes the delay of 13 months from filing of claim to acceptance of permanent total disability, during which he asserts employer did nothing to ascertain the extent of claimant's psychiatric disability, although admitting that it was a known factor involved which indicated a greater disability rating than had been recognized.
Claimant cites Great American Indemnity Co. v. Williams, 85 So.2d 619 (Fla. 1956), holding that employer must accept claimant within the time period specified and that if this cannot be done until certain investigations are completed employer is required to expedite investigation so that timely acceptance can be made. Williams dealt not with an investigation of the extent of disability but with an investigation as to who were proper beneficiaries of compensation payments; there employer took the position that it was willing to pay compensation as soon as the IRC determined to whom it should be paid. The IRC and this Court held that even there it was not sufficient to constitute a timely payment. The instant case is even stronger where claimant contends and the evidence supports the view that the employer took no overt action regarding claimant's psychiatric disability which brought the disability to 100%, but it was the attorney's letter to the psychiatrist and his pursuit of the matter which brought about the permanent disability rating.
Claimant urges that it was employer's duty to take positive action to ascertain the extent of claimant's psychiatric problems and that employer should have sought psychiatric evaluation despite its professed good motive of not wishing to contribute to claimant's psychological problem by notifying him of a higher rating. Claimant cites this Court's holding in Davis v. Edwin M. Green, Inc., 240 So.2d 4 (Fla. 1970), that an employer cannot attempt to create a "wall of willful ignorance" around itself and then "voluntarily" pay benefits when the wall has been breached by claimant's attorney and thereby avoid payment of a fee to the successful attorney. Claimant is right; he is entitled to his fee.
The IRC has substituted its judgment for that of the JIC which finds competent support in the record. This the Commission cannot do and we accordingly quash the reversal order of the IRC with directions that it affirm and reinstate the award of attorney's fees by the able trial judge.
It is so ordered.
ADKINS, C.J., ROBERTS and McCAIN, JJ., and FERRIS, Circuit Court Judge, concur.
BOYD and OVERTON, JJ., dissent.
NOTES
[1] Fla. Stat. § 440.34(1), 1973, F.S.A.
[2] Westerman v. Shell's City, Inc., 265 So.2d 43 (Fla. 1972); Pope v. O'Brien, 213 So.2d 620 (Fla.App.1st 1968); Smith v. State, 118 So.2d 257 (Fla.App.2d 1960); Cole v. Cole, 130 So.2d 126 (Fla.App.1st 1961); Sponholtz v. Sponholtz, 190 So.2d 572 (Fla. 1966).
[3] Cohen v. Mohawk, Inc., 137 So.2d 222 (Fla. 1962); Picchi v. Picchi, 100 So.2d 627 (Fla. 1958); Johnson v. Roberts, 79 So.2d 425 (Fla. 1955); Equitable Life Assur. Soc. of United States v. Boraks, 276 So.2d 246 (Fla.App.3d 1973); Kirk v. Thompson, 221 So.2d 168 (Fla.App.1st 1969); Lazar v. Orr, 207 So.2d 23 (Fla.App.3d 1968); Marucci v. Linder, 177 So.2d 237 (Fla.App.2d 1965); Fla.Digest, App. & Err., § 931(1).