ERVIN, Judge,
dissenting.
I would affirm the award of permanent, total disability benefits. In my view, the facts in this case are nearly indistinguishable from those in Glenn Brooks v. Haines City Citrus Growers Association, 382 So.2d 725 (Fla.lst DCA 1980). There we reversed the judge’s refusal to grant permanent, total benefits. Here we reverse the judge's award of such benefits. In both cases claimants’ education was limited; their work experience confined to heavy, unskilled labor, and, following their accidents, their job opportunities were restricted to light, sedentary employment. Yet, in both instances, I think it obvious that the claimants’ limited intellectual capabilities precluded office work.
In the present case, I believe that claimant’s job search in a rural county, offering only a few employment opportunities to someone in claimant’s condition, was sufficient to meet the burden placed upon him; and, consequently, he demonstrated it was unlikely he could resume gainful employment. Having done so, the burden shifted to the employer/carrier to present evidence showing some work was available which was within claimant’s capabilities. See Ross v. Roy, 234 So.2d 99 (FIa.1970); Port Everglades Terminal Co. v. Canty, 120 So.2d 596 (Fla.1960); Stanley v. Master Masonry Construction, Inc., 287 So.2d 67 (Fla. 1973); Hogan v. Central Sand Company, 141 So.2d 576 (Fla.1962). The above cases generally state that once a claimant proves he can perform only services limited in quantity, dependability or quality, the burden shifts to the employer to show that a job within his limitations does actually exist. No reasonable job market was shown accessible for the claimant, and, since the employer/carrier failed to meet its burden showing the contrary, claimant was entitled to permanent, total disability benefits as a matter of law.