401 So.2d 1316 (1981)
Tillman WRIGHT, Petitioner,
v.
GULF AND WESTERN FOOD PRODUCTS and Risk Management Services, Inc., Respondents.
No. 56817.
Supreme Court of Florida.
July 23, 1981.
Richard A. Kupfer of Cone, Wagner, Nugent, Johnson, Hazouri & Roth, West Palm Beach, for petitioner.
Robert D. McAliley of Brennan, McAliley, Hayskar & McAliley, West Palm Beach, for respondents.
*1317 ADKINS, Justice.
We have for consideration a petition for writ of certiorari directed to the Industrial Relations Commission pursuant to the authority of article V, section 3(b)(3), Florida Constitution (1972). Since the filing of this petition, the Industrial Relations Commission has been abolished, and the jurisdiction to review orders of Judges of Industrial Claims has been transferred to the District Court of Appeal, First District.
The facts of the case are basically undisputed. Claimant, at the time of his hearing before the Judge of Industrial Claims, was a sixty-year-old black man with no formal education who started working on a farm at the age of eight, who could neither read nor write, could not make change, and had been missing his left arm since the age of fifteen. His right knee was injured by an accident arising out of and in the course and scope of his employment on December 5, 1976. After receiving treatment for this injury, claimant attained maximum medical improvement on January 30, 1978.
The Judge of Industrial Claims conducted a hearing to determine the extent of claimant's disability and found that the merger of the knee injury with the preexisting loss of arm, considered in conjunction with claimant's illiteracy, resulted in permanent total disability. In addition, the judge, noting that the claimant would need the most benevolent employer to hire him in sheltered employment for what work he was capable of doing, found that he was unemployable in the existing labor market.
Upon review, the Industrial Relations Commission reversed the order, holding that the lack of medical opinion or lay testimony that the knee injury interacted with the loss of the left arm to enhance the permanent physical impairment resulting from the knee injury precluded the use of wage-earning capacity loss criteria. On the employability issue, the commission decided that claimant had not undertaken a viable work search as required by Exxon Company v. Alexis, 370 So.2d 1128 (Fla. 1978), since his physical impairment did not approach the level at which a work search could be excused.
Commissioner Shaw dissented, stating that he believed that there was competent, substantial evidence that the combination of the knee injury, arm loss, and other factors operated to completely destroy claimant's wage-earning capacity. On the issue of work search, he believed that the claimant had made an adequate showing as required by Exxon.
The scope of this Court's review of orders of the Judge of Industrial Claims and Industrial Relations Commission has been the subject of much discussion. Perhaps the most definitive statement was made in Colvin v. State Department of Transportation, 311 So.2d 366 (Fla. 1975), in which we specifically wrote:
JIC findings and awards or denials thereof can be overthrown only if not well founded under applicable legal principles, which would include a misapplication of applicable law, or upon a showing of a lack of competent evidence to support the findings or the ruling of the trial judge. IRC affirmance when there is such a lack of evidence or reversal where the evidence is in fact sufficient, would constitute a "departure from the essential requirements of law" which would vest jurisdiction for certiorari in the Supreme Court.
Id. at 368.
Under applicable law, we believe the Judge of Industrial Claims had substantial competent evidence upon which to base his order.
In relation to the issue of the so-called "merger" of the knee injury with the arm loss, the Commission has taken too strict a view. A reading of the entire JIC order leads to the conclusion that the use of the term "merger" was not in any medical sense but rather in the more general sense of a combination, in this case the combination of all the factors which influence claimant's employability, to wit, physical disabilities, age, education, job skills, and rehabilitation prospects.
In Henderson v. Sol Walker and Company, 138 So.2d 323 (Fla. 1962), this Court *1318 stated that loss of wage-earning capacity must be determined in accordance with the facts of the case and that relevant considerations included physical condition, age, industrial history, education, and inability to obtain work. In that case, the claimant was an illiterate fifty-seven-year-old black man with a second-grade education and no formal or technical training. The work-related injury he suffered resulted in amputation of his right foot, his sole physical impairment. However, we held that the combination of all factors, including the inability of the employment service to place claimant in a job in his employment category, made an award of permanent total disability appropriate.
In other cases, we have reached a similar conclusion. In Florida State Turnpike Authority v. Garvey, 234 So.2d 354 (Fla. 1970), we held that a work-related injury to the knee creating a twenty-five per cent functional disability merged with previous disabilities (amputations of right hand and left leg) to result in a permanent total disability. In Hogan v. Central Sand Company, 141 So.2d 576 (Fla. 1962), the claimant, who was an illiterate laborer capable of performing only manual labor, suffered a work-related injury resulting in amputation of the right leg below the knee. In reversing the order of the Commission awarding an eighty-five per cent wage-earning capacity disability, we held that a permanent total disability was appropriate since claimant fit into a class embracing those who could not uninterruptedly do even light work owing to physical limitations. In Ross v. Roy, 234 So.2d 99 (Fla. 1970), we reversed a decision by the Commission which failed to award a permanent total disability. Claimant, who was sixty-three years old and had only a third-grade education, had suffered a work-related injury to his leg, which caused him to need the assistance of a cane for ambulation and precluded his standing for more than fifteen or twenty minutes at a time. We held, upon review of the totality of the evidence, including the nature and extent of anatomical disability as it related to age, education, and employment history (manual type labor), that a "reasonable stable labor market commensurate with claimant's ability to perform regular employment services is unlikely to exist". Id. at 101.
We believe that there was competent substantial evidence to support the finding of the Judge of Industrial Claims that the combination of factors relating to claimant's physical impairment and employability are such as to justify an award of permanent total disability. Medical testimony indicated that an individual with degenerative arthritis should avoid climbing, lifting heavy objects and other forms of undue physical stress. Additionally, there was testimony that an individual without a left arm would be required to place more emphasis and get more assistance from his legs, especially in climbing activity.
Concerning the work search issue, the general rule in determining whether a claimant has made a sufficient effort was explicated in Mahler v. Lauderdale Lakes National Bank, 322 So.2d 507 (Fla. 1975). Therein, we stated that when a claimant affirmatively demonstrates that some effort was made to obtain employment within the claimant's physical limitations, the burden shifts to the employer to demonstrate that suitable work is in fact available. Accord, Stanley v. Master Masonry Construction, Inc., 287 So.2d 67 (Fla. 1973), wherein we held that it is incumbent upon an employer to show some form of employment within reach of a claimant to obviate a determination of permanent total disability.
In the instant case, the record demonstrates that claimant made numerous efforts to obtain work; through his former employer, the Florida State Employment Office, and individual effort. Vocational rehabilitation proved to be of no value. The claimant, having demonstrated that some effort was made to obtain employment, the burden falls upon the employer to demonstrate availability. This burden has not been met by the employer.
The order of the Industrial Relations Commission is quashed and the order of the Judge of Industrial Claims is reinstated.
It is so ordered.
*1319 SUNDBERG, C.J., and BOYD, ENGLAND and McDONALD, JJ., concur.
OVERTON and ALDERMAN, JJ., dissent.